## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **KYLE DURUISSEAU** | **CIVIL ACTION NO. 3:22-cv-00434** |
| **VS.** | **JUDGE** |
| **INLAND DREDGING COMPANY, L.L.C.** | **MAGISTRATE** |
| | **JURY DEMAND** |

## COMPLAINT

Kyle Duruisseau, a person of the full age of majority, citizen of the United States of America, and Jones Act seaman, hereby asserts claims under the Jones Act and the General Maritime Law as follows:

**I.     Parties and Jurisdiction**

1.

Made Defendant herein is Inland Dredging Company, L.L.C., a Tennessee entity which may be served through its registered agent for service of process in Louisiana, Corporation Service Company, 501 Louisiana Avenue, Baton Rouge, LA 70802.

2.

Inland Dredging Company, L.L.C. is believed to have been the owner, operator, bareboat charterer, and/or manager of the dredge KELLY L, its attendant vessels, and/or the identifiable fleet of vessels to which Kyle Duruisseau was assigned and the employer of Kyle Duruisseau at all relevant times.

3.

This Honorable Court has jurisdiction over the subject matter of this action pursuant to 46 U.S.C. § 30104 (Jones Act) and 28 U.S.C. § 1333 (admiralty).

4.

Inland Dredging Company, L.L.C. was licensed to do and doing business within Louisiana and particularly within the jurisdiction of this Honorable Court (i.e., the Middle District of Louisiana) at all relevant times. Accordingly, this Court has personal jurisdiction over Inland Dredging Company, L.L.C. and is a proper venue for this litigation.

II.     **Background**

5.

At all relevant times, Kyle Duruisseau was working for his employer, Inland Dredging Company, L.L.C., as a member of the crew of KELLY L, which is depicted in Image 1, below.



**Image 1:** The dredge, KELLY L

6.

At all relevant times, KELLY L was a "vessel in navigation" operating in navigable waters in Freeport, Texas.

7.

All work performed by Kyle Duruisseau as a member of KELLY L's crew was in furtherance of KELLY L's mission.

### III. The Incident and Injuries

8.

On or about April 20, 2021, KELLY L's pipe/pontoon line became disconnected during nighttime operations and its dredging activities were halted.

9.

Despite there being too few competent crew members on duty at the time, KELLY L's master/captain ordered Kyle Duruisseau to reconnect the line.

10.

Despite KELLY L lacking the necessary and appropriate equipment to safely reconnect the line under the circumstances, KELLY L's master/captain ordered Kyle Duruisseau reconnect the line.

11.

Kyle Duruisseau boarded KELLY L's attendant vessel and proceeded to the location at which the line had become disconnected.

12.

While complying with the orders and attempting to reconnect the line, Kyle Duruisseau sustained serious injuries to his lower back which required, and continue to require, medical treatment.

### IV. Claims

13.

Kyle Duruisseau brings claims against Inland Dredging Company, L.L.C. pursuant to the Jones Act and the General Maritime Law of the United States in connection with the aforementioned incident and injuries.

14.

Under the applicable law, Inland Dredging Company, L.L.C. is vicariously liable for the conduct, negligence, and/or fault of its employees and crewmembers, including but not limited to the master/captain of KELLY L.

15.

Under the Jones Act, Inland Dredging Company, L.L.C. had a duty to provide Kyle Duruisseau with a reasonably safe place to work. The incident and Mr. Duruisseau's injuries were caused by the negligence and/or fault of Inland Dredging Company, L.L.C. by breaching that duty in the following non-exclusive ways:

A. Failing to properly remedy one or more unreasonably dangerous conditions of or about KELLY L;

B. Designing, creating, and/or permitting the existence of one or more unreasonably dangerous conditions of or about KELLY L;

C. Provision of improper and unsafe orders by supervisory personnel in charge of KELLY L and/or its crew;

D. Failing to comply with applicable laws, regulations, and/or standards pertaining to the safety of personnel aboard vessels like KELLY L, including but not limited to USCG, SEMS, OSHA, SOLAS, and similar regulations applicable to KELLY L, which renders Inland Dredging Company, L.L.C. negligent *per se*;

E. Requiring workers to engage in activities which it knew or should have known violated internal and industry standards and which amounted to unsafe work practices;

    F.  Subjecting crew members to known hazards despite reasonably alternative methods and procedures being known and available;

    G.  Failing to provide crew members with proper or adequate equipment to safely perform the required/assigned tasks; and

    H.  Any and all other acts of negligence and/or fault established through discovery and/or shown at the trial of this matter.

16.

Under the General Maritime Law, Inland Dredging Company, L.L.C. had an absolute, non-delegable duty to furnish Plaintiff with a seaworthy vessel and crew, and it is strictly liable to Kyle Duruisseau for breaching that duty in the following non-exclusive ways:

    A.  Failing to provide a vessel and crew reasonable fit and safe for their intended use;

    B.  Failing to properly remedy one or more unreasonably dangerous conditions of or about KELLY L;

    C.  Designing, creating, and/or permitting the existence of one or more unseaworthy conditions of or about KELLY L;

    D.  Failing to have proper or adequate equipment to safely perform the required/assigned tasks;

    E.  Entrusting KELLY L to an incompetent or ill-trained crew; and

    F.  Any and all other conditions or characteristics of KELLY L which rendered it not reasonable safe or fit for its intended use that are established through discovery and/or shown at the trial of this matter.

17.

On account of the injuries suffered by Kyle Duruisseau while working in the service of KELLY L, Inland Dredging Company, L.L.C. has an absolute and nondelegable duty to provide Kyle Duruisseau with maintenance and cure benefits. To the extent Inland Dredging Company, L.L.C. has breached or does breach that duty, it is liable to Kyle Duruisseau under the General Maritime Law for that breach.

V.     **Damages, Remedies, and Entitlements**

18.

As a result of the injuries he sustained in the incident described herein, Kyle Duruisseau is entitled to recover the following damages:

- A. Past and future physical pain and suffering;
- B. Past and future mental pain and suffering;
- C. Past and future loss of enjoyment of life;
- D. Past and future disability and disfigurement;
- E. Past and future loss of wages, loss of earning capacity, and loss of fringe benefits;
- F. Past and future medical and pharmaceutical expenses and needs;
- G. Past and future loss of found; and
- H. Any and all other general and special damages recoverable under the law applicable to his claims.

19.

To the extent Inland Dredging Company, L.L.C. has breached or does breach its absolute and nondelegable duty to provide Kyle Duruisseau with maintenance and cure, Kyle Duruisseau is entitled to compensatory damages caused by that breach, as well as punitive damages and

attorneys' fees to the extent the breach is willful, wanton, arbitrary, capricious, and/or without probable cause.

20.

As an American seaman, Kyle Duruisseau is entitled to proceed in this litigation without prepaying fees and costs or furnishing security therefor in accordance with 28 U.S.C. § 1916.

21.

Kyle Duruisseau is entitled to a jury under the Jones Act and hereby requests a jury in accordance therewith, reserving his right to proceed in admiralty without a jury at a later date if he so elects.

22.

Kyle Duruisseau is entitled to prejudgment and/or post-judgment interest on all damages from the date(s) and at the rate(s) appropriate under the law until paid.

23.

In conjunction with these proceedings, Kyle Duruisseau is entitled to recover all court and litigation costs associated with this matter to the extent allowed by law.

## VI.   Prayer

WHEREFORE, Kyle Duruisseau prays that defendant, Inland Dredging Company, L.L.C., be cited and summoned to appear and answer this Complaint in the legal delays allowed by law, that after trial there be judgment in his favor and against defendant pursuant to the Jones Act and the General Maritime Law in the full and true sum of an amount and type of damages reasonable in the premises, plus prejudgment and post-judgment interest thereon until paid, all costs of these proceedings, and all other just and equitable relief that is proper under the law.

Respectfully submitted,

   */s/ Andrew J. Quackenbos*
Andrew J. Quackenbos (Bar No. 31924) (Lead Attorney)
Remy A.M. Jardell (Bar No. 30566)
DOMENGEAUX WRIGHT ROY & EDWARDS LLC
556 Jefferson Street, Suite 500
Lafayette, LA 70502
Telephone: (337)233-3033
andrewq@wrightroy.com
remyj@wrightroy.com

AND

Pride J. Doran, #25035
DORAN & CAWTHORNE, P.L.L.C.
521 E. Landry Street (70570)
Post Office Box 2119
Opelousas, Louisiana 70571
Phone: (337) 948-8008
Fax: (337) 948-0098
pride@doranlawfirm.com